Joseph **WILLIAMS**, Y.L. Jones,
Appellants,

v.

**GRAND LODGE OF FREEMASONRY AF & AM**, etc., **Respondent,**

**Lynnel L. Jones, Respondent.**

No. C5-84-679.

Court of Appeals of Minnesota.

Oct. 2, 1984.

Review Denied Dec. 20, 1984.

Joseph Williams, pro se.

Y.L. Jones, pro se.

John B. Gordon, Scott W. Johnson, Faegre & Benson, Minneapolis, for Grand Lodge of Freemasonry AF & AM.

Donna J. Blazevic, John B. Degnan, Bassford, Heckt, Lockhart & Mullin, Minneapolis, for Lynnel L. Jones.

Considered and decided by HUSPENI, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Joseph Williams and Y.L. Jones brought this action against the Grand Lodge of Freemasonry and its Grand Master ("the Masons"), alleging they had conspired to coerce the plaintiffs into submission to Masonic laws and to violate plaintiffs' constitutional rights, and against attorneys Robert Zalk and Lynnel L. Jones, alleging that their representation of defendants in an earlier action brought by appellants resulted in the dismissal of the action due to the deceit and collusion of the attorneys with the judge in that action. Following the commencement of this action, respondents noticed the taking of appellants' depositions. Neither appellant appeared. When appellants then sought a protective order to prevent the taking of their depositions, the court ordered them to appear. After the depositions were again noticed and only Jones appeared, the court dismissed Williams's complaint. Upon respondent Lynnel Jones's motion, summary judgment was then entered against appellant Jones. Williams and Jones appealed. We affirm.

## FACTS

This case arose as a result of an ongoing series of disputes of appellants with their neighbors in Aitkin County in which appellants alleged invasions of privacy, harassment, trespass, etc. Several years ago, appellants retained Mary Davidson Winter to pursue, among other things, an action against Richard Demenge regarding a property line dispute.

On February 26, 1980, appellants began a court trial against Demenge. The court ordered that a survey be conducted to establish the true boundary and continued the case pending the survey. On August 4, 1980, attorney Winter was appointed Hennepin County Referee and withdrew from the case. Trial had been scheduled for August 13, 1980, and appellants were granted continuance to retain new counsel.

Appellants retained Sandra Berthene to represent them at the trial. Berthene requested another continuance to prepare for the trial, and the matter was set for February 5, 1981. The court ordered a trial by jury. Appellants did not want a jury trial and did not appear with attorney Berthene on February 5, even though Berthene had warned them that their failure to appear would result in dismissal. The court ordered the case dismissed with prejudice. Berthene requested and was granted permission to withdraw from the case.

After their case was dismissed, appellants filed an action pro se against their former attorneys Mary Davidson Winter and Sandra Berthene. Winter and Berthene retained respondents Robert Zalk and Lynnel Jones, respectively, to represent them. As part of discovery, Zalk and

Jones noticed the taking of depositions of appellants for April 28, 1983. Both appellants attended the deposition but Williams refused to answer any questions other than his name and address. He referred all other questions to Y.L. Jones. When it became clear that Williams would not personally respond to any other questions, the matter was taken immediately before the court. Williams refused to enter the courtroom even though the judge advised him and Y.L. Jones that the case would be dismissed with prejudice if he did not come in and if he refused to submit to an examination orally. Upon the joint motion of Zalk and Lynnel Jones and upon the court's own motion based on its discussion with Y.L. Jones, the court dismissed Williams's complaint with prejudice.

The case of Y.L. Jones v. Mary Davidson Winter and Sandra Berthene was not dismissed and is still pending in Hennepin County.

Following the dismissal with prejudice of Williams's case, appellants commenced the present action pro se against respondents Zalk and Lynnel Jones, alleging that Zalk and Lynnel Jones had conspired with the judge in the previous case to infringe upon appellants' rights, and against the Masons, alleging that they were behind the disputes appellants had been having with their neighbors since 1964. Counsel representing Zalk noticed depositions of both appellants on September 7, 1983. When appellants claimed they did not receive notice, respondents renoticed the depositions for September 23, 1983. Neither appellant appeared. Instead, they sought a protective order from the court to delay or prevent the taking of depositions. On October 4, 1983, the court denied their motion for a protective order and ruled that appellants as parties had to participate in discovery.

Defense counsel again noticed depositions of both appellants for November 4, 1983. Counsel had previously informed both appellants that failure to appear could be grounds for dismissing the action. Nevertheless, only Y.L. Jones appeared at the scheduled time and place. Williams

refused to attend and again sought a protective order. The court dismissed Williams's complaint, and later granted summary judgment against Y.L. Jones.

## ISSUES

I. Did the trial court err in dismissing Williams's complaint with prejudice after he failed to appear for his deposition?

II. Did the trial court err in finding that Y.L. Jones's complaint failed to state a claim upon which relief could be granted?

## ANALYSIS

### I.

Rule 37.04, Minnesota Rules of Civil Procedure, states:

> If a party ... fails (1) to appear before the officer who is to take his deposition, after being served with proper notice ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (a), (b), and (c) of subdivision 37.02(2) of this Rule. In lieu of any order or in addition thereto, the court shall require the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances made an award of expenses unjust.

> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26.03.

Rule 37.02(2)(c) provides for dismissal of the action as a sanction for discovery violations.

Williams did not apply for a protective order until after the time set for his deposition. His failure to do so cannot be attributed to his pro se posture or to ignorance of the procedure, since he had unsuccessfully sought such an order before, both in this action and earlier actions. Nor was

Williams unaware that his failure to appear for his deposition could result in dismissal of his case with prejudice, since an earlier lawsuit had been dismissed for a similar reason and opposing counsel had warned him of the consequences of his failure to appear.

 Williams' refusal to cooperate in discovery was not an isolated instance. The trial court knew of Williams' history of refusing to appear at depositions, and warned him of the consequences. In light of the record, the trial court's decision to impose the most severe sanction allowed for failure to cooperate in discovery was not error.

## II.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions reveal that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. Rule 56.03, Minn.R.Civ.P.

### Y.L. Jones' claim against the Masons:

Y.L. Jones alleged various tortious and criminal acts were committed against her by persons she claimed were Masons or were acting on behalf of Masons. As the trial court stated, however,

> Giving the record before the Court the most generous reading possible, it suggests that individuals who may be Masons caused a variety of harms to the [appellants]. There is absolutely nothing to suggest there was in fact a conspiracy among them to inflict injury upon the plaintiffs, or that Alyn Dull and the Grand Lodge of Freemasonry A.F. and A.M. of the State of Minnesota were in any way involved with the actions, whether through the actions of these individuals or otherwise.

We agree. Nor, as the trial court also noted, was there any chance that further discovery would have helped appellants establish their claim. Since no genuine issue of fact existed, summary judgment was appropriate.

### Y.L. Jones's claim against attorneys Zalk and Jones

Appellants allege that Zalk and Jones acted in collusion and deceit to cause Williams's actions against Mary D. Winter and Sandra Berthene to be dismissed. Zalk and Jones, however, represented Winter and Berthene in that action. The dismissal of Williams's complaint was the result of their actions in defending their clients. Nothing alleged by appellants indicates any impropriety, much less any conduct amounting to collusion or deceit. In addition, because the conduct of Zalk and Lynnel Jones occurred within the scope of their employment as attorneys for Winter and Berthene, they are immune from liability to third persons for actions arising out of that professional relationship, since they incurred no personal benefit. *McDonald v. Stewart*, 289 Minn. 35, 182 N.W.2d 437 (1970). Zalk and Jones were therefore entitled to judgment as a matter of law.

## DECISION

Affirmed.