**CHICAGO GREATWESTERN OFFICE CONDOMINIUM ASSOCIATION, Respondent,**

v.

**David A. BROOKS, Appellant.**

**No. C2-88-759.**

Court of Appeals of Minnesota.

Aug. 23, 1988.

Peter J. Gleekel, Julie L. Schnell, Winthrop & Weinstine, St. Paul, for respondent.

Richard D. Donohoo, Maun, Green, Hayes, Simon, Johanneson and Brehl, St. Paul, Jon B. Albrightson, Minneapolis, for appellant.

Heard, considered, and decided by WOZNIAK, C.J., and FOLEY and NORTON, JJ.

## OPINION

WOZNIAK, Chief Judge.

David Brooks appeals from the default judgment entered against him as a sanction for failure to comply with a discovery order. We reverse and remand for further proceedings on the merits of the action.

### FACTS

Chicago Greatwestern Office Condominium Association (hereafter Greatwestern) brought an action against David Brooks in May 1987. Brooks was president of Greatwestern, and the complaint alleges that he misappropriated $20,000 belonging to Greatwestern.

Acting pro se, Brooks served an answer to the complaint. Shortly thereafter, Greatwestern served its interrogatories and request for production of documents on Brooks. This discovery request contained the notation that, under the rules of civil procedure, Brooks must answer within 30 days after service.

Brooks did not respond to the discovery request. About one week after the responses were due, Greatwestern served Brooks with a notice of motion and motion to compel answers to the discovery requests. The notice provided the motion was to be heard on August 21, 1987.

Shortly before the hearing on August 21, Brooks delivered unexecuted copies of his interrogatory answers to Greatwestern's counsel. In a letter accompanying the interrogatory answers, Brooks stated:

Enclosed are the Answers to the two sets of interrogatories served upon me. All of my documents you requested have been delivered to the office of Anthony Danna, who will now take over my representation in these cases.

In an affidavit, Brooks stated that he then did not attend the hearing on the motion because he thought that he had complied with Greatwestern's request.

Counsel for Greatwestern attended the hearing and informed the court of his recent receipt of the unsigned interrogatory answers. In its August 21 order, the court granted Greatwestern's motion for an order compelling discovery. The order reads, in part:

(a) Plaintiff's Motion for an Order Compelling Answers to Plaintiff's Interrogatories, Set I, within ten (10) days of the date of this Order is granted;

(b) Plaintiff's Motion for an Order Compelling Responses to Plaintiff's Request for Production of Documents, Set I, within ten (10) days of the date of this Order is granted;

\*   \*   \*   \*   \*   \*

(d) In the event that Defendant, David A. Brooks, does not answer Plaintiff's Interrogatories, Set I, and respond to Plaintiff's Request for Production of Documents, Set I, within ten (10) days of the date this order is granted, judgment by default in favor of Plaintiff Chicago Greatwestern Office Condominium Association and against defendant David A. Brooks, shall be granted.

The order also provided for an award of $150 in attorney fees against Brooks.

Greatwestern's attorney specifically requested that the trial court's clerk mail copies of the order to both Brooks and him. The attorney received a copy; Brooks stated that he did not.

Brooks did not respond to the August 21 order. Five months later, Greatwestern brought a motion for default judgment pursuant to the order. This motion was served on Anthony Danna, and was heard

on December 1. On November 25, Anthony Danna called Greatwestern's attorney, requesting Greatwestern execute a satisfaction of judgment on the $150 in attorney fees awarded, and since docketed, in connection with the August 21, 1987 order. Brooks went to Greatwestern's attorney's office to pay the judgment. At the office, no one told him of the need to sign the answers to interrogatories already submitted.

At the December 21 hearing, Danna, "by special appearance," represented Brooks. The trial court granted Greatwestern's motion for default judgment on December 1, but stayed entry of the judgment until December 8, 1987.

On December 23, 1987, Danna (acting on behalf of Brooks) served a notice of motion and motion to vacate the default judgment. This motion was apparently heard on January 7, 1988; the record does not disclose the result of this motion, although both parties agree that the motion was denied. Judgment was actually entered on January 22, 1988.

At no time did the trial court make any findings to accompany its orders, and it did not explain the decisions it made.

### ISSUE

Did the trial court abuse its discretion in granting default judgment against Brooks for failure to comply with discovery requests?

### ANALYSIS

█ Rule 37.02(2) of the Minnesota Rules of Civil Procedure provides for sanctions for failure to comply with discovery orders:

> If a party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (a) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of

the action in accordance with the claim of the party obtaining the order;
>
> (b) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
>
> (c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> (d) [provision for contempt order];
>
>    \*    \*    \*    \*    \*    \*
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure * * *.

The choice of a sanction for failure to comply with a discovery order is a matter within the trial court's discretion. *See Kraushaar v. Austin Medical Clinic, P.A.*, 393 N.W.2d 217, 221 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Nov. 19, 1986) (trial court sanctions for failure to notify opponent of expert who will testify at trial), *citing Cornfeldt v. Tongen*, 262 N.W.2d 684, 697 (Minn.1977), *modified on other grounds*, 295 N.W.2d 638 (Minn.1980).

In *Firoved v. General Motors Corp.*, 277 Minn. 278, 152 N.W.2d 364 (1967), the Minnesota Supreme Court noted that an order for dismissal on procedural grounds runs counter to the objective of disposing of cases on the merits. The court stated:

> Since a dismissal with prejudice operates as an adjudication on the merits, it is the most punitive sanction which can be imposed for noncompliance with the rules or order of the court * * *. * * * It should therefore be granted only under exceptional circumstances.

*Id.* at 283, 152 N.W.2d at 368.

Minnesota case law has not specifically addressed the question of when the default sanction is appropriate, although several cases indicate that prejudice to the moving

party is a prime consideration in determining the severity of the sanction to be imposed. *See Kraushaar v. Austin Medical Clinic, P.A.*, 393 N.W.2d 217, 221–22 (failure to notify opposing party of expert witness does not warrant sanction of exclusion of witness; question analyzed in terms of prejudice to each party); *Hoyland v. Kelly*, 379 N.W.2d 150, 152–53 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. Feb. 19, 1986) (identifying warning of possible sanction of dismissal as prerequisite to use of that sanction; discusses cases where prejudice to moving party a factor); *Sudheimer v. Sudheimer*, 372 N.W.2d 792, 794 (Minn. Ct.App.1985) (identifying prejudice to moving party in dismissal motion as the primary factor to be considered by trial court).

Rule 37(b)(2) of the Federal Rules of Civil Procedure is substantially the same as the Minnesota sanctions rule. We may, therefore, look to judicial interpretation of that rule to assist us in our analysis of the appropriateness of the sanction imposed in this case. In *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978), the court gave a clear and concise statement of the principles involved in deciding whether to use default judgment as a sanction:

> The power to impose sanctions * * * in discovery proceedings * * * is discretionary with the Trial Court. It is not, however, a discretion without bounds or limits but one to be exercised discreetly * * *. Particularly is the Court to act cautiously when the sanction imposed is that of default judgment, which is the most severe in the spectrum of sanctions provided by statute or rule. In that situation the Trial Court's range of discretion is more narrow than when the Court is imposing other less severe sanctions. The reason for this narrower range of discretion is that the sanction of a default judgment, though a rational method of enforcement of the discovery rules, in an appropriate case, represents in effect an infringement upon a party's right to trial by jury under the seventh amendment and runs counter to sound public

policy of deciding cases on their merits, and against depriving a party of his fair day in court. * * * Even in those cases where it may be found that failure to produce results in the discovering party's case being jeopardized or prejudiced, it is the normal rule that the proper sanction must be no more severe * * * than is necessary to prevent prejudice to the movant.

*Id.* at 503–04 (footnotes and quotation marks omitted). The court then went on to discuss the factors to be considered when imposing the default sanction:

> [I]n determining whether to impose such sanction, the needs of the discovery party must be evaluated as well as the nature of the non-compliance and the Trial Court must consider how the absence of such evidence not produced would impair the other party's ability to establish their case and whether the non-complying party's conduct in not producing documents would deprive the other party of a fair trial.

*Id.* at 505 (footnotes and quotation marks omitted). The court noted that the trial court must facilitate review by explaining its decision:

> [S]ince every exercise of judicial discretion must find its basis in good reason, the Trial Court, when granting [default judgment as a sanction], should clearly state its reasons so that meaningful review may be had on appeal.

*Id.* (footnotes omitted).

The reasoning and analysis of the federal court is consistent with the analysis of the Minnesota cases. In this case, *Wilson* requires reversal for two reasons.

First, the trial court did not state its reasons for granting default judgment. As a result, this case is difficult to review; on appeal, the parties have conducted a debate over whether the trial court made "implied findings"; they debate the rationale of both trial court orders; and the record is unclear as to whether Brooks delivered a photocopy of signed or unsigned interrogatories. As *Wilson* indicates, the omission

of the trial court rationale for sanction makes judicial review very difficult.

However, even assuming that Greatwestern's interpretation of the sparse trial court record is correct, we believe this case must be reversed. While it seems clear that Brooks technically did not comply with the discovery order, there is nothing in the record which would indicate he knew that the interrogatory answers he delivered needed only to be signed and notarized for them to comply with the order. The August 21 order does not specifically state this as the problem with his answers. The lack of specificity in the order does not coincide with the overall tenor of sanctions cases, which mandate that a noncomplying party know precisely what he is to do to cure the discovery violation prior to use of the default sanction. The result also runs contrary to the preference for courts to hear cases on their merits.

The needs of the discovering party were not addressed by the trial court; Greatwestern certainly needs this information to conduct its case. The court did not address the amount of prejudice Greatwestern has suffered as a result of Brooks' failure to comply with discovery requests. Counsel for Greatwestern could not identify any prejudice in his oral argument other than the type of prejudice which would be cured by ordering additional attorney fees. Under the circumstances, we hold that the trial court abused its discretion in ordering a $20,000 default judgment; in the absence of any prejudice, this sanction strikes this court as far too severe.

Brooks' failure to abide by the rules has continued to create unnecessary litigation. As a result, we award an additional $450 in attorney fees to Greatwestern as a condition of reinstatement.

## DECISION

When the trial court imposes sanctions for failure to comply with discovery, it should state the rationale for the sanction on the record. In making a determination of the appropriateness of a sanction, the court must consider the factors outlined in this opinion. As Greatwestern has not shown any prejudice resulting from the discovery violations, we reverse and remand upon condition that Brooks waives his right to costs for the appeal and pays $450 in attorney fees to Greatwestern within ten (10) days of release of this opinion; otherwise, the case shall stand affirmed.

Reversed and remanded.