*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0909**

Nathan J. Knoernschild, et al.,
Respondents,

vs.

Dennis Halverson,
Appellant.

**Filed April 11, 2016
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CV-14-4623

Christopher P. Renz, Chestnut Cambronne PA, Minneapolis, Minnesota (for respondents)

Dennis Halverson, Champlin, Minnesota (pro se appellant)

Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

Appellant challenges the district court's grant of summary judgment to respondents on their defamation claims against appellant, arguing that the district court improperly (1) limited the time allowed for oral argument at the summary-judgment hearing and

(2) disregarded evidence that appellant provided shortly before the summary-judgment hearing, after he failed to comply with a discovery order. We affirm.

## FACTS

Respondent Lance G. Stendal, vice president of respondent Omega Management, Inc., was the property manager for the Elm Creek Courthome Association, Inc. (the association). Appellant Dennis Halverson resided in a home owned by his mother and located in a common-interest community governed by the association. A series of disputes between Halverson and Stendal and members of the association's board of directors led to the district court granting Stendal's and the board members' petitions for harassment restraining orders (HROs) against Halverson. Respondent Nathan J. Knoernschild of respondent law firm Thomsen & Nybeck, P.A. (T&N) represented Stendal and the board members in the HRO proceeding.

About two months after the HROs were issued, Halverson sent an e-mail to Knoernschild, claiming that the affidavits supporting the petitions for HROs contained false information and that Knoernschild knew that the information was false. Halverson forwarded the e-mail to several other T&N attorneys. Knoernschild sent an e-mail to Halverson denying Halverson's allegations and instructing Halverson to stop contacting T&N attorneys and staff. Halverson responded that he intended to continue informing T&N's "Board Members" about Knoernschild's preparation of "fraudulent affidavits." Halverson later sent an e-mail to a T&N shareholder, claiming that the four affidavits supporting the petitions for HROs contained 130 "instances of perjury."

Halverson posted numerous YouTube videos accusing Knoernschild of committing and suborning perjury. Halverson also posted YouTube videos about Stendal and Omega, alleging that they violated and failed to uniformly enforce association rules. Halverson stated in an interrogatory answer that he included the names of T&N attorneys and Omega employees in a YouTube video description to "attract more people to [his] videos." Halverson posted the videos on other webpages in addition to YouTube. He also posted derogatory comments and messages about respondents on webpages associated with respondents.

Knoernschild sent Halverson a letter stating that Halverson's allegations against Knoernschild and T&N were false and demanding that Halverson remove all defamatory statements from the Internet. Halverson did not comply, and respondents brought this defamation action against him seeking damages and an order requiring him to remove statements and videos from the Internet and enjoining him from publishing or communicating any false statements about respondents. Respondents served Halverson with interrogatories, requests for production of documents, and requests for admissions. Halverson responded but answered the interrogatories in summary fashion, referring respondents to his videos and to documents that he had submitted to Knoernschild, rather than identifying the specific facts that formed the basis for his defamatory statements.

On July 24, 2014, respondents' attorney sent a letter to Halverson stating that his discovery responses were inadequate and identifying the deficiencies. Halverson did not respond, and respondents brought a motion to compel discovery. On December 11, 2014, the district court issued an order directing Halverson to respond to respondents'

interrogatories with "full and substantive answers" and to produce the documents requested by respondents within ten days. Halverson failed to comply with the order within the ten-day time limit, and the record does not indicate that he made any attempt at compliance.

On December 31, 2014, respondents filed a motion for summary judgment. Respondents argued that they were entitled to summary judgment on the merits and because Halverson did not comply with the discovery order. On January 2, 2015, Halverson provided respondents with the documents they had requested, and, as part of his response to the summary-judgment motion, submitted an affidavit identifying some allegedly false statements in the affidavits supporting the petitions for HROs. Halverson initially acted pro se in this lawsuit, and a certificate of representation by an attorney representing Halverson was not filed until January 20, 2015. Following a hearing, the district court granted respondents' summary-judgment motion. This appeal followed.

## D E C I S I O N

### I.

Halverson argues that the time allowed for oral argument at the summary-judgment hearing was insufficient. The district court has discretion to limit the time allowed for oral arguments. *See State v. Richards*, 495 N.W.2d 187, 197 (Minn. 1992) (stating that district court has discretion to set time limit on closing argument). Even if the district court erred, Halverson is only entitled to reversal of the summary judgment if the error was prejudicial. *Midway Ctr. Asssocs. v. Midway Ctr, Inc.*, 309 Minn. 352, 356, 237 N.W.2d 76, 78 (1975) (stating that appellant must show both error and prejudice to obtain reversal).

4

The parties agree that, at the beginning of the summary-judgment hearing, the district court stated that each party would have 15 minutes for argument. Halverson argues that 15 minutes was insufficient time for his attorney to address all of the evidence in the case. But the detailed memorandum accompanying the district court's order shows that the court carefully considered the record evidence.[1] Also, Halverson's attorney filed a 41-page memorandum opposing respondents' summary-judgment motion.

The district court did not abuse its discretion in limiting the time for oral argument to 15 minutes for each party. And even if the district court did err, Halverson has not shown that any prejudice resulted from the time limit.

**II.**

Halverson argues that the district court erred by disallowing the evidence in his January 20, 2015 affidavit because he "responded to interrogatories to the best of his ability." The district court may impose sanctions, including prohibiting a person from introducing designated matters into evidence, if a party disobeys a discovery order. Minn. R. Civ. P. 37.02(b)(2). "The choice of a sanction for failure to comply with a discovery order is a matter within the [district] court's discretion." *Chicago Greatwestern Office Condo. Ass'n v. Brooks,* 427 N.W.2d 728, 730 (Minn. App. 1988).

The district court stated:

> [Halverson] refused to identify any false statements or
> instances of perjury or subornation of perjury, as requested in

---

[1] Although the district court precluded Halverson from supporting his claimed truth defense with the January 20, 2015 affidavit because the evidence was not provided during discovery, the district court also concluded that, even when the affidavit was considered, respondents were entitled to summary judgment.

5

[respondents'] interrogatories. Moreover, he refused to respond to the Court's order dated December 11, 2014, which required him to identify within ten days the factual basis for these assertions. Pursuant to Minn. R. Civ. P. 37.02, [Halverson] is precluded from supporting this claimed defense with information that was not disclosed in discovery.

In determining whether the district court abused its discretion in imposing a discovery sanction, appellate courts consider whether (1) the district court set a deadline for compliance, (2) the district court gave a warning regarding the potential sanctions for noncompliance, (3) the failure to comply with discovery was an isolated event or part of a pattern, (4) the failure to comply was willful or without justification, and (5) the moving party has demonstrated prejudice. *Frontier Ins. Co. v. Frontline Processing Corp.*, 788 N.W.2d 917, 923 (Minn. App. 2010), *review denied* (Minn. Dec. 14, 2010).

The district court's discovery order imposed a ten-day time limit and stated, "if [Halverson] fails to comply with any aspect of this Order, the Court may grant relief pursuant to Minn. R. Civ. P. 37.02, which may include the rendering of judgment by default." Halverson's failure to respond to the July 2014 letter from respondents' attorney and his failure to provide any supplemental discovery until after respondents moved for summary judgment show willfulness and a pattern of noncompliance. Respondents could not be expected to respond to Halverson's claim that his statements were true without any information about why he believed that the statements were true, and Halverson was given ample time to respond to the discovery requests.

"Although some accommodations may be made for pro se litigants, this court has repeatedly emphasized that pro se litigants are generally held to the same standards as

attorneys and must comply with court rules." *Fitzgerald v. Fitzgerald,* 629 N .W.2d 115, 119 (Minn. App. 2001). Halverson cannot reasonably claim that his pro se status prevented him from responding to respondents' discovery requests. Legal training was not needed to understand respondents' requests to identify the factual basis for Halverson's claim that his statements were true.

The district court did not abuse its discretion when it precluded Halverson from supporting his truth defense with information that was not disclosed in discovery and granting summary judgment for respondents based on the absence of evidence supporting Halverson's truth defense. Because the district court did not err in granting summary judgment on this basis, we need not address the remaining issues raised by the parties.

**Affirmed.**