# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A24-0249

Bradley Dean Derksen,
Respondent,

vs.

Commissioner of Public Safety,
Appellant.

## Filed August 19, 2024
## Reversed and remanded; motion granted
## Reyes, Judge

McLeod County District Court
File No. 43-CV-23-817

Christopher D. Cain, Kohlmeyer Hagen Law Office, Chtd., Mankato, Minnesota (for respondent)

Keith Ellison, Attorney General, Alexandra M. Robinson, Assistant Attorney General, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Reyes, Judge; and Kirk, Judge.[*]

## SYLLABUS

When the record lacks any evidence of a prior written or oral order to produce additional discovery by a specific deadline, a district court abuses its discretion by rescinding a driver's license revocation as a sanction to the commissioner of public safety

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

for failing to provide discovery beyond that required under Minn. Stat. § 169A.53, subd. 2(d) (2022).

## OPINION

**REYES**, Judge

In this appeal from the district court's order rescinding the revocation of respondent's driver's license, appellant commissioner of public safety (the commissioner) argues that the district court abused its discretion by granting rescission as a sanction for the commissioner's alleged failure to comply with a discovery order because there is no written or oral discovery order in the record. We reverse and remand.

## FACTS

In April 2023, appellant Minnesota Commissioner of Public Safety revoked respondent Bradley Dean Derksen's driver's license after his arrest for driving while impaired. Respondent petitioned for an implied-consent hearing under Minn. Stat. § 169A.53, subd. 2 (2022), and requested that the district court rescind his license revocation. In September 2023, the commissioner sent respondent a mandatory-discovery notice and disclosure letter under Minn. Stat. § 169A.53, subd. 2(d), and Minn. R. Civ. P. 34.02. The notice provided that the commissioner would allow respondent to inspect or receive a mailed copy of the statutorily required discovery. It also stated that respondent could inspect additional documents concerning his alcohol-concentration test by contacting the Bureau of Criminal Apprehension and request a copy of the recording made when an officer provided him with the breath-test advisory by contacting the McLeod County Sheriff's Office.

The district court set the implied-consent hearing for October 26, 2023. On October 24, respondent filed a motion to compel discovery, specifically requesting "a copy of the breath[-]test[-]advisory recording, as well as all audio/videos, and any other discoverable material[s]" in the commissioner's possession related to the matter. Respondent alleged that, although he had requested the information from the sheriff's office on October 13, he had not received any additional discovery. On October 25, the commissioner sent all the evidence in their possession to respondent, including the documents referenced in the disclosure letter and "a jail video" they had obtained.

The district court did not hold a hearing on October 26, and there is no transcript or other formal record. Instead, the record only reflects that the district court "had a conversation with counsel" and rescheduled the implied-consent hearing, but did not otherwise issue a written order.

A second district court judge presided over the continued implied-consent hearing in November 2023, and a different attorney appeared for the commissioner. The parties disputed what had occurred at the October hearing; specifically, whether the first district court judge had ordered the commissioner to provide respondent with additional discovery. Respondent's counsel stated, "I don't think any official order was issued at [the October hearing]," but that the first judge had said, "Get [respondent] everything he needs; otherwise, if this comes back, I'm going to rescind the revocation." Respondent's counsel later noted that "[w]hile there wasn't a written order," counsel thought "[the first judge] was very clear." Respondent acknowledged receiving the police reports and the jail videos from the commissioner regarding the implied-consent advisory, but maintained that the

3

commissioner had failed to provide the additional discovery that he had requested. The second district court judge stated that the judicial notes from the October hearing indicated only "discovery issues, working through those issues, continued to November."[1] The commissioner argued that "the [first district court judge] did not order [the commissioner] to get any additional video from the [sheriff's office]," that they had provided respondent with everything in their possession, including the statutorily required discovery, and that they wanted a court order before requesting further information from the sheriff's office. The commissioner expressed concern that the sheriff's office, as the custodians of the data, may "have Minnesota Government Data Practices Act concerns about disclosing evidence" because it had not yet charged the criminal case. The commissioner also noted that, "if the [c]ourt is going to consider [rescinding the license revocation], [the commissioner] would ask for a court order in order to go get that evidence from the proper party rather than outright rescinding this case." The district court took the matter under advisement.

The district court later issued an order granting respondent's petition to rescind the revocation of his driver's license. In its order, the district court noted that, at the October hearing, the first district court judge "directed the [commissioner] to provide all discovery or failure to do so would likely result in the revocation being rescinded." The district court denied the commissioner's request to reconsider.

This appeal follows.

---

[1] These judicial notes are not part of the record.

**ISSUE**

Did the district court abuse its discretion when it rescinded respondent's driver's license revocation as a sanction to the commissioner for failing to provide additional discovery under Minn. Stat. § 169A.53, subd. 2(d)?

**ANALYSIS**

The commissioner argues that the district court abused its discretion by imposing rescission as a sanction because the commissioner provided all statutorily required discovery, and the district court did not order the commissioner to provide additional discovery. The commissioner further contends that its motion to strike an affidavit that respondent filed in his addendum on appeal must be granted. We agree.

As an initial matter, we address the commissioner's motion to strike. In his addendum, respondent included an affidavit from his counsel at the district court regarding that counsel's recollection of the October hearing. This affidavit was not filed with the district court and was signed only after this appeal was filed. The commissioner filed a motion to strike the affidavit and any part of respondent's brief that references the affidavit, arguing that the affidavit is outside the record on appeal and therefore should not be considered.

The Minnesota Rules of Civil Appellate Procedure are clear that documents not filed with the district court are not part of the record on appeal. *See* Minn. R. Civ. App. P. 110.01 ("The documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases."); *see also Star Trib. Co. v. Univ. of Minn. Bd. of Regents*, 667 N.W.2d 447, 449 n.2 (Minn. App. 2003) (striking

two affidavits included in appellant's appendix and portions of appellant's brief referencing affidavits which were not before district court when it issued order that was subject of appeal), *aff'd*, 683 N.W.2d 274 (Minn. 2004).  We therefore grant the commissioner's motion to strike and will not consider the affidavit or any part of respondent's brief that refers to it.

We now turn to the primary issue of whether the district court abused its discretion by rescinding the revocation of respondent's driver's license as a sanction to the commissioner for failing to provide discovery.  "If a party . . . fails to obey *an order* to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just," including "rendering a judgment by default against the disobedient party."  Minn. R. Civ. P. 37.02(b)(3) (emphasis added).[2]  Appellate courts review a district court's discovery-related orders for an abuse of discretion.  *Frontier Ins. Co. v. Frontline Processing Corp.*, 788 N.W.2d 917, 922 (Minn. App. 2010), *rev. denied* (Minn. Dec. 14, 2010).  A district court abuses its discretion by making "findings unsupported by the evidence or by improperly applying the law."  *Underdahl v. Comm'r of Pub. Safety (In re Comm'r of Pub. Safety)*, 735 N.W.2d 706, 711 (Minn. 2007).  Appellate courts "give great deference to a district court's findings of fact and will not set them aside unless [they are] clearly erroneous."  *State v. Andersen*, 784 N.W.2d 320, 334 (Minn. 2010).  "Findings of fact are clearly erroneous if, on the entire evidence, we are left with the definite and firm conviction that a mistake occurred."  *Id.*

---

[2] We consider default judgment to be the equivalent of rescinding a driver's license revocation in these circumstances.

Minnesota law provides for judicial review of license revocation and states that the mandatory prehearing discovery is "limited" to: (1) "the notice of revocation," (2) "the test record or, in the case of blood or urine tests, the certificate of analysis," (3) "the peace officer's certificate and any accompanying documentation submitted by the arresting officer to the commissioner," and (4) "disclosure of potential witnesses, including experts, and the basis of their testimony." Minn. Stat. § 169A.53, subd. 2(d); *see also Abbott v. Comm'r of Pub. Safety*, 760 N.W.2d 920, 923-24 (Minn. App. 2009). "Other types of discovery are available *only upon order* of the court." Minn. Stat. § 169A.53, subd. 2(d) (emphasis added).

Here, the parties do not dispute that the commissioner provided all mandatory discovery to respondent before the October hearing and that the district court rescinded the license revocation solely because the commissioner did not provide "additional discovery." The parties also appear to agree that, for the second district court judge to have rescinded respondent's driver's license as a sanction to the commissioner properly, the first district court judge must have *ordered* the commissioner to provide additional discovery, *see* Minn. R. Civ. P. 37.02(b), and that an oral order would have been sufficient. The parties *do* dispute whether the first district court judge issued an oral order requiring the commissioner to provide additional discovery to respondent.

By sanctioning the commissioner for failing to comply with the October discovery order, the district court implicitly found that the first district court judge ordered the commissioner to furnish discovery beyond that required by statute. Based on our review, we conclude that the district court's implicit finding is not supported by the record. It is

7

undisputed that no transcript or written order exists for the October hearing, apart from the order continuing the implied-consent hearing to November. Although the parties' attorneys made arguments regarding the October hearing and its outcome, those arguments are not evidence. *See State v. McCoy*, 682 N.W.2d 153, 158 (Minn. 2004) ("[T]he 'questions and arguments' of attorneys are not evidence.") Moreover, those arguments do not support that the district court issued an oral order at the October hearing. At the November hearing, neither party explicitly stated that the first district court had issued an oral order requiring the commissioner to provide additional discovery. To the contrary, respondent's counsel stated that he did not think that the district court had issued "any official order."

We further note that, while we acknowledge that district courts have discretion to impose discovery sanctions, default judgment is a severe penalty. The supreme court has stated that the "primary objective of the law [is] to dispose of cases on the merits," *Firoved v. Gen. Motors Corp.*, 152 N.W.2d 364, 368 (Minn. 1967), a goal that default judgment does not advance. In addition, a proper discovery order would need to include both a clear description of what additional evidence the commissioner needed to disclose and the deadline for doing so. *See Chicago Greatwestern Off. Condo. Ass'n v. Brooks*, 427 N.W.2d 728, 730-31 (Minn. App. 1988) (comparing default judgment to dismissal in its severity level); *Bio-Line Inc. v. Wilfley*, 365 N.W.2d 338, 340-41 (Minn. App. 1985) (noting that dismissal is inappropriate sanction when no specific deadline is ordered for compliance with discovery order and that district courts should instead establish compliance deadlines and only dismiss if compliance does not occur), *rev. denied* (Minn. July 26, 1985). Any

8

subsequent order granting outright rescission as a sanction should be granted only in exceptional circumstances. *C.f. Firoved*, 152 N.W.2d at 368 (noting that district courts should impose sanction of dismissal with prejudice on procedural grounds "only under exceptional circumstances").

Moreover, caselaw shows that factors to be considered when determining whether to grant default judgment include "the needs of the discovery party" and "the nature of the non-compliance," as well as "how the absence of such evidence not produced would impair the other party's ability to establish their case and whether the non-complying party's conduct in not producing documents would deprive the other party of a fair trial." *Brooks*, 427 N.W.2d at 731. Here, the only factor the district court considered was the commissioner's noncompliance with the first district court judge's purported direction. Based on the limited record before us, the district court's reasoning is insufficient to support the severe sanction of rescission.

We conclude that the district court's implicit factual finding that the first district court judge ordered the commissioner to provide additional discovery is clearly erroneous because it is not supported by the record. *Andersen*, 784 N.W.2d at 334; *Underdahl*, 735 N.W.2d at 711. The district court therefore abused its discretion by sanctioning the commissioner on that ground.

**DECISION**

When the record lacks any evidence of a prior written or oral order to produce additional discovery by a specific deadline, a district court abuses its discretion by rescinding the revocation of a driver's license as a sanction to the commissioner for failing

9

to provide discovery beyond that required under Minn. Stat. § 169A.53, subd. 2(d). Because the district court abused its discretion by sanctioning the commissioner here, we reverse and remand for further proceedings consistent with this opinion.

**Reversed and remanded; motion granted.**